UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ARTHUR RAY ROBINSON (#425796)**                     CIVIL ACTION

**VERSUS**

**SERGEANT LAVALAIS, ET AL.**                        NO. 08-0395-A-M2

<u>**NOTICE**</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, .August 7, 2008

                                     **MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ARTHUR RAY ROBINSON (#425796)**                    **CIVIL ACTION**

**VERSUS**

**SERGEANT LAVALAIS, ET AL.**                         **NO. 08-0395-A-M2**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. Lavalais, Sgt. Conner, Warden Burl Cain and Secretary James LeBlanc, complaining that his constitutional rights were violated in February, 2008, when he was not allowed to utilize a restroom during a trip to Shreveport for a family funeral. As a result, he was forced to urinate upon himself, resulting in discomfort, shame and embarrassment at the funeral.

Pursuant to the provisions of 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action, or any part of an action, brought in forma pauperis if satisfied that the claims asserted therein are frivolous, malicious, or fail to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109

1

S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995).  A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed.  Cf., Green v. McKaskle, supra.  In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion of same, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

In his Complaint, the plaintiff alleges that on February 16, 2008, he was advised by prison officials that he would be transported to Shreveport, Louisiana, in order to attend his father's funeral.  Prior to departing LSP, he was allowed to utilize the restroom, but during the trip, he again needed to use the restroom, and his requests to the defendant transport officers, defendants Lavalais and Connor, were denied.  As a result, he was required to urinate upon himself, and he thereafter endured a ride of several hours in a soiled jumpsuit.  Upon arrival at the funeral home in Shreveport, his jumpsuit was still somewhat damp, which caused him shame and embarrassment when dealing with his family.  He does not allege, however, that he sustained any injury or actual harm as a result of this deprivation.

2

The plaintiff's claim is essentially that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment as a result of the conditions to which he was subjected during the referenced transport. In this regard, however, it is well-settled that the Eighth Amendment prohibits only the wanton and unnecessary infliction of pain. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Whether the conditions to which an inmate is subjected are characterized as inhumane conditions of confinement, a failure to attend to medical needs, or a combination of both, it is appropriate to apply the "deliberate indifference" standard articulated in Estelle. Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). A prison official acts with deliberate indifference when he is both aware of facts from which an inference may be drawn that a substantial risk of serious harm exists to an inmate, and when he in fact draws that inference. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). While some conditions of confinement may establish an Eighth Amendment violation "in combination", when each would not do so alone, this will occur only when these conditions have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. Id.

In the Court's view, the plaintiff has failed to allege the deprivation of a single identifiable human need. Although he complains that he was required to urinate upon himself on a single date while being transported in a vehicle from LSP to Shreveport, Louisiana, and was required to ride for several hours in the vehicle with soiled clothing, he does not allege that any harm or injury resulted from these deprivations. Pursuant to 42 U.S.C. § 1997e(e), the law is clear that, "[n]o Federal civil action may be brought by a prisoner confined in a ... correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Accordingly, in the absence of any allegation of actual injury or any allegation of the deprivation of a single identifiable human need, the plaintiff has failed to allege claims which amount to a constitutional violation. For this reason, his Complaint must be dismissed as legally frivolous. <u>See also</u> <u>Lowe v. Green</u>, 2007 WL 1217875 (E.D. Tex. April 24, 2007)(dismissal of claim as frivolous where inmate forced to urinate on himself after denial of request to utilize restroom). <u>See also</u> <u>Alexander v. Tippah County, Mississippi</u>, 351 F.3d 626 (5th Cir. 2003)(dismissal of claims where inmates held in small cell with clogged toilet drain for 24 hours).

**RECOMMENDATION**

It is recommended that the plaintiff's Complaint be dismissed, with prejudice, as legally frivolous pursuant to 28 U.S.C. § 1915, and that this action be dismissed.[1]

Signed in chambers in Baton Rouge, Louisiana, .August 7, 2008

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[1] The plaintiff is placed on notice that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

5